UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHRISTINA BOERGERS,

      Plaintiff,

  v.

                            DECISION AND ORDER
                            17-CV-401S

MIAMI DOLPHINS, LTD., and
SOUTH FLORIDA STADIUM, LLC

      Defendants.

## I. INTRODUCTION

Presently before this Court is Defendants' Motion to Dismiss for lack of subject-matter jurisdiction; lack of personal jurisdiction; improper venue; and failure to state a claim upon which relief can be granted pursuant to Rules 12(b)(1)-(3), (6) of the Federal Rules of Civil Procedure. (Docket No. 5.) In the alternative, Defendants move for transfer of venue to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a). Id. Because the Complaint fails to establish that this Court has subject-matter jurisdiction over this action, it will be dismissed unless Plaintiff sufficiently alleges that diversity jurisdiction is proper.

## II. BACKGROUND

Plaintiff Christina Boergers commenced this action on May 10, 2017, alleging that Defendants' negligence caused her to sustain injury while attending a Miami Dolphins football game on November 13, 2014. (Docket No. 1.) Plaintiff claims that this Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332. Id. at 2. Plaintiff alleges that she is "an individual, with a principal residence in Erie County, New York State." Id. at 1.

Defendant Miami Dolphins, Ltd. is alleged to be "a Florida limited partnership, with

1

a principal address of 347 Don Shula Drive, Miami Gardens, Florida." Id. Defendant South Florida Stadium, LLC, is alleged to be "a Florida limited liability company, with a principal address of 347 Don Shula Drive, Miami Gardens, Florida." Id.

### III. DISCUSSION

#### A. Standard of Review

When considering dismissal of a cause of action pursuant to Rule 12(b)(1), this Court must take all facts alleged in the Complaint as true and draw all reasonable inferences in favor of the plaintiff. Jaghory v. New York State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997). However, where there arises a question about the jurisdiction of a federal court, "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998) (citing Norton v. Larney, 266 U.S. 511, 515, 69 L. Ed. 413, 45 S. Ct. 145 (1925)).

"'The party invoking federal jurisdiction bears the burden of establishing' that jurisdiction exists." Sharkey v. Quarantillo, 541 F.3d 75, 82-83 (2d Cir. 2008) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)). "That party must allege a proper basis for jurisdiction in [her] pleadings and must support those allegations with 'competent proof,' if challenged. Linardos v. Fortuna, 157 F.3d 945, 947 (2d Cir. 1998) (internal citations omitted); see also Advani Enters. v. Underwriters at Lloyds, 140 F.3d 157, 160 (2d Cir. 1998) ("focusing on whether the facts contained in the pleadings establish diversity jurisdiction").

Where, as here, federal jurisdiction is predicated upon diverse citizenship, "the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call

attention to the defect, or consent that it may be waived." Thomas v. Bd. of Trs., 195 U.S. 207, 211, 25 S. Ct. 24, 49 L. Ed. 160 (1904) (internal citations omitted). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n, 554 F.2d 1254, 1256 (3d Cir. 1977); see also Fed R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

B.     **Diversity Jurisdiction and Unincorporated Associations**

Plaintiff alleges that this Court has subject-matter jurisdiction under 28 U.S.C. § 1332, which provides for original federal jurisdiction over civil actions where the matter in controversy exceeds $75,000 and the adverse parties have diversity of citizenship. 28 U.S.C. § 1332(a). It is well-settled that federal diversity jurisdiction requires complete diversity amongst the adverse parties; *i.e.* it exists only when "the citizenship of each plaintiff is diverse from the citizenship of each defendant." Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S. Ct. 467, 136 L. Ed. 2d 437 (1996); see also Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89, 126 S. Ct. 606, 613, 163 L. Ed. 2d 415 (2005); McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189, 80 L. Ed. 1135, 56 S. Ct. 780 (1936); Strawbridge v. Curtiss, 7 U.S. 267, 1806 U.S. LEXIS 331, 2 L. Ed. 435, 3 Cranch 267 (1806).

"[F]or purposes of diversity jurisdiction, limited partnerships have the citizenship of each of its general and limited partners." Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 52 (2d Cir. 2000) (citing Carden v. Arkoma Assocs., 494 U.S. 185, 195-96,

3

108 L. Ed. 2d 157, 110 S. Ct. 1015 (1990)). Similarly, "a limited liability company, as an unincorporated business entity, should be treated as a partnership for purposes of establishing citizenship." Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010) (collecting cases). Thus, a limited liability company "takes the citizenship of each of its members." Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC, 692 F.3d 42, 49 (2d Cir. 2012); see also 1 Fed. Proc., L. Ed. § 1:165 (2019) ("Neither a limited liability company's state of organization nor the situs of its principal business activity [is] determinative in deciding its citizenship for diversity purposes. Rather, a limited liability company is a citizen, for purposes of diversity jurisdiction, of each state where its members are citizens.")

Furthermore, "where an LLC has, as one of its members, another LLC, 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC." Zambelli Fireworks, 592 F.3d at 420 (quoting Hart v. Terminex Int'l, 336 F.3d 541, 543 (7th Cir. 2003)).

Here, Plaintiff alleges only that, at all relevant times, Defendant Miami Dolphins, Ltd. "was and is a Florida limited partnership, with a principal address [… in] Florida" and that Defendant South Florida Stadium, LLC "was and is a Florida limited liability company, with a principal address [… in] Florida." (Docket No. 1 at 1.) Plaintiff fails to allege any facts regarding the citizenship of the general or limited partners that comprise Miami Dolphins, Ltd., or any facts regarding the citizenship of the members of South Florida Stadium, LLC. Thus, the Complaint fails to allege facts sufficient to establish that federal diversity jurisdiction exists in this matter. Because the Court cannot determine whether

subject-matter jurisdiction exists, the matter is subject to dismissal under Federal Rule of Civil Procedure 12(h)(3).

### C. Defendant's Remaining Arguments

Having determined that Plaintiff has failed to allege facts sufficient to establish whether subject-matter jurisdiction exists as a threshold issue, this Court declines to address Defendant's alternate arguments for dismissal or transfer of venue at this time.

Plaintiff will be given an opportunity to remedy the defect in the Complaint. In the event that Plaintiff sufficiently alleges a basis for subject-matter jurisdiction, Defendant's alternate arguments for dismissal and transfer of venue will be addressed as appropriate.

## IV. CONCLUSION

Here, Plaintiff failed to sufficiently allege the citizenship of Defendants, and thus has failed to allege facts sufficient to establish that this Court has subject-matter jurisdiction over the instant matter. Rather than outright dismissal, however, Plaintiff will be given an opportunity to amend the Complaint to include allegations supporting her claim that diversity jurisdiction properly exists. Plaintiff will be granted 21 days from the entry date of this decision in which to file her amended complaint. Failure to do so will result in this action being dismissed for lack of subject-matter jurisdiction.

## V. ORDERS

IT IS HEREBY ORDERED, that Plaintiff is granted leave to file an amended complaint within 21 days from the date of entry of this decision. If Plaintiff fails to do so, the action will be dismissed for lack of subject-matter jurisdiction.

FURTHER, that Defendant's Motion to Dismiss, or in the alternative, Motion for

Transfer of Venue is STAYED pending the filing of Plaintiff's Amended Complaint, consistent with the above decision.

    SO ORDERED.

    Dated:    October 29, 2019
                   Buffalo, New York

                                                WILLIAM M. SKRETNY
                                           United States District Judge