UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHRISTINA BOERGERS,

       Plaintiff,

  v.                                     **DECISION AND ORDER**
                                               17-CV-401S

MIAMI DOLPHINS, LTD., and
SOUTH FLORIDA STADIUM, LLC

       Defendants.

---

Plaintiff Christina Boergers commenced this action against Defendants Miami Dolphins, LTD and South Florida Stadium, LLC on May 10, 2017, alleging that she was injured on November 13, 2014, due to both Defendants' negligence. (Docket No. 1.) Plaintiff claimed diversity jurisdiction pursuant to 28 U.S.C. § 1332. Id. ¶ 11.

On October 29, 2019, this Court issued a Decision and Order finding that Plaintiff had failed to allege facts sufficient to determine whether diversity jurisdiction exists. (Docket No. 16.) Specifically, the Court noted that Plaintiff, a citizen of New York State, failed to allege any facts about the citizenship of the general and limited partners of Defendant Miami Dolphins, Ltd. and further failed to allege the citizenship(s) of the members of Defendant South Florida Stadium, LLC.

"[F]or purposes of diversity jurisdiction, limited partnerships have the citizenship of each of its general and limited partners." Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 52 (2d Cir. 2000) (citing Carden v. Arkoma Assocs., 494 U.S. 185, 195-96, 108 L. Ed. 2d 157, 110 S. Ct. 1015 (1990)). Similarly, "a limited liability company, as an unincorporated business entity, should be treated as a partnership for purposes of

1

establishing citizenship." Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010) (collecting cases). Thus, a limited liability company "takes the citizenship of each of its members." Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC, 692 F.3d 42, 49 (2d Cir. 2012); see also 1 Fed. Proc., L. Ed. § 1:165 (2019) ("Neither a limited liability company's state of organization nor the situs of its principal business activity [is] determinative in deciding its citizenship for diversity purposes. Rather, a limited liability company is a citizen, for purposes of diversity jurisdiction, of each state where its members are citizens.")

It is well-settled that federal diversity jurisdiction requires complete diversity amongst the adverse parties; *i.e.* it exists only when "the citizenship of each plaintiff is diverse from the citizenship of each defendant." Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S. Ct. 467, 136 L. Ed. 2d 437 (1996). The party invoking federal jurisdiction under 28 U.S.C. § 1332 bears the burden demonstrating that grounds for diversity jurisdiction exist and that diversity is complete. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189, 80 L. Ed. 1135, 56 S. Ct. 780 (1936); Strawbridge v. Curtiss, 7 U.S. 267, 2 L. Ed. 435, 3 Cranch 267 (1806).

In failing to allege any facts regarding the citizenship of Defendants, Plaintiff failed to demonstrate grounds for diversity jurisdiction. By its October 29, 2019, Order, this Court provided Plaintiff an opportunity to file an amended complaint in order to sufficiently allege a basis for federal jurisdiction.

Plaintiff filed an amended complaint on November 15, 2019. (Docket No. 17.) The amended complaint states that two partners of Miami Dolphins, Ltd. have principal residences in New York State. Id. ¶ 3. It also alleges that one of the members of South

Florida Stadium, LLC has a principal residence in New York State. Id. ¶ 7.

Plaintiff's amended complaint fails to allege that she does not share citizenship with the Defendants. In fact, the amended complaint makes it clear that both Defendants are citizens of New York State by virtue of the citizenships of its partners or members. See Handelsman, 213 F.3d at 52 and Zambelli, 592 F.3d at 420, respectively. Therefore, complete diversity is destroyed and the district court lacks subject-matter jurisdiction over this case under 28 U.S.C. § 1332. See, *e.g.* Caterpillar, 519 U.S. at 68.

Because this Court lacks jurisdiction to adjudicate the matter, it must be dismissed. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

IT IS HEREBY ORDERED, that Defendants' [5] Motion to Dismiss is GRANTED.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated: November 24, 2019
       Buffalo, New York

                                        s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                      United States District Judge